In the Matter of the Application of WILLIAM E. WALKER, Petitioner, for a Certiorari Order Directed to THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— This is a certiorari proceeding to review the determination of the State Board of Dental Examiners, the Board of Regents and the Department of Education which resulted in the revocation of petitioner's license to practice dentistry. The petitioner was charged under the provisions of subdivision 2 of section 1311 of the Education Law as it existed in 1931 with fraud and deceit in procuring his license as a dentist and was also accused of gross ignorance and inefficiency in treating three of his patients. The proof discloses that on August 19, 1895, petitioner filed in the Rensselaer county clerk's office an affidavit to the effect that the legal authority by which he was practicing dentistry in this State was conferred upon him by a diploma from Wisconsin Dental College on May 5, 1893. He has practiced his profession in this State from that date. From 1916 to 1931 there was issued to petitioner annually by the secretary of the Board of Dental Examiners a certificate of registration as provided by the Laws of 1916, which certificate in part provides that it " shall render the holder thereof a legal practitioner of dentistry for the ensuing years." Respondents assert that Wisconsin Dental College was not recognized by the Department of Education in 1895. Respondents found as a fact that petitioner never obtained a license to practice dentistry from the Regents of the University of the State of New York. Respondents, however, have failed to find that petitioner was guilty of fraud or deceit in procuring his admission to practice dentistry. Therefore, the question of the legal sufficiency of petitioner's license or the propriety of his registration is not before us and we do not pass upon that issue. The evidence in the record is wholly insufficient to justify the findings of respondents that petitioner was grossly ignorant or inefficient in his treatment of his three patients, and such findings are capricious and arbitrary. By the language of the statute it was incumbent on the complainant to prove not only that petitioner lacked some knowledge or was ignorant of some of the methods commonly used in the practice of dentistry but that in his treatment of his patients this lack of knowledge or ignorance amounted to a willful and wanton disregard for their health and safety. There is no such proof in the record. Deter-

mination annulled, with fifty dollars costs and disbursements. Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents; Rhodes, J., dissents and votes to confirm.